IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS CRISMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV337 |
| | ) | |
| V. | ) | |
| | ) | |
| MIDWEST TECHNOLOGIES, INC., | ) | FINDINGS AND |
| a Minnesota corporation, and | ) | RECOMMENDATION |
| MIDWEST SPECIAL | ) | |
| INSTRUMENTS CORP., a Minnesota | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Remand (filing 5). Plaintiff's motion requests that this case be remanded to the District Court of Douglas County, Nebraska and also seeks an award of attorney's fees and costs. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion to Remand be granted with respect to remand, and denied with respect to attorney's fees and costs.

### BACKGROUND

Plaintiff commenced this litigation in the District Court of Douglas County, Nebraska, seeking a declaration as to whether the non-competition provisions of his Non-Compete and Confidentiality Agreement with Defendant Medical Technologies, Inc. ("MTI") is enforceable. Defendants MTI and Midwest Special Instruments Corp. ("MSI") (collectively referred to herein as "Defendants") removed the action to this Court on September 21, 2012 (filing 1). Defendants allege that the suit is removable pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. On September 28, 2012, Plaintiff filed the instant motion to remand, arguing diversity jurisdiction does not exist because there are no damages at this point to establish the jurisdictional minimum under 28 U.S.C. § 1332.

In *Phillips v. Medical Technologies, Inc.*, Case No. 8:12CV338 (D. Neb. 2012) (the "*Phillips* action"), a related action pending before this Court, the Honorable Thomas D. Thalken recently recommended to the Honorable Joseph F. Bataillon that the action be remanded to the District Court of Douglas County, Nebraska.[1] Like this case, the *Phillips* action arises from a dispute about whether the non-competition provisions of the plaintiff's Non-Compete and Confidentiality Agreement with Defendants is enforceable. The *Phillips* action was removed to this Court by Defendants from Douglas County on September 21, 2012. In his respective motion to remand, Phillips likewise argued that diversity jurisdiction did not exist because there were no damages to establish the jurisdictional minimum under 28 U.S.C. § 1332.

## ANALYSIS

A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over cases that meet the standards for diversity jurisdiction. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). "[T]he party seeking removal based on diversity of citizenship bears the burden of proving, by a preponderance of the evidence, that the matter in controversy 'exceeds the sum or value of $75,000.'" *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010) (quoting 28 U.S.C. § 1332). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[D]oubts about federal jurisdiction are resolved in favor of remand." *Kearney Area AG Producers Alliance v. Delta-T Corp.*, No. 8:02CV56, 2003 WL 431609, *1 (D. Neb. Feb. 24, 2003).

---

[1] The Court was not advised that this suit is related to the *Phillips* action until after Judge Thalken issued his Findings and Recommendation. Because the Court was not notified that the cases were related, the cases were assigned to different magistrate judges.

Plaintiff argues that the amount in controversy does not exceed the $75,000 jurisdictional amount necessary under 28 U.S.C. § 1332. Plaintiff points out that in his Complaint, he does not make a request for monetary relief, but rather seeks a declaration that the non-complete provisions in the Agreement are unenforceable under Nebraska law. Defendants contend, however, that in declaratory judgment actions such as this one, the amount in controversy for purposes of diversity jurisdiction is determined by the value of the contractual rights at issue. In other words, the amount in controversy is determined from Defendants' perspective - by the revenues and potential profits Defendants may derive from the customers and accounts at issue. Defendants argue that using this measure, the requisite amount is met.

The undersigned concludes that it has not been shown that the matter in controversy exceeds the sum or value of $75,000. As noted by Judge Thalken in the *Phillips* action, within the Eighth Circuit, the amount in controversy is measured from the plaintiff's viewpoint. *See Usery*, 606 F.3d at 1018. ("[I]n a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue."). Although other courts have sometimes considered the costs to a defendant in losing a case in measuring the amount in controversy, the Eighth Circuit has "never endorsed this rule." *Id*. at 1019. The value of this lawsuit to Plaintiff is a declaration that the Agreement is unenforceable and that Plaintiff is not violating the Agreement. In this case, there is no claim for monetary damages. The only evidence offered as to the potential stake that Plaintiff has in this matter is evidence of his salary while employed with Defendants. As recognized by Defendants, Plaintiff's salary never exceeded $75,000. Because it has not been shown that Plaintiff's stake in this litigation exceeds $75,000, the undersigned recommends that Plaintiff's request for remand be granted.

Plaintiff also requests that he be awarded the attorney's fees and/or costs he incurred in defending this action. Plaintiff maintains that Defendants' motive in removing this case was simply to prevent a prompt resolution of the dispute. Defendants argue that an award of attorney's fees and costs is improper because they have an objectively reasonable belief that they are entitled to seek a federal forum for resolution of this case.

The undersigned finds that an award of fees is not warranted in this matter. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In responding to Plaintiff's motion to remand, Defendants have presented objectively reasonable arguments regarding the determination of the amount in controversy. Moreover, there is no evidence that removal of this action was an effort to delay resolution of this case. Therefore, the undersigned will not recommend that attorney's fees and costs be awarded.

Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon that Plaintiff's Motion to Remand (filing 5) be granted with respect to remand and denied for attorney's fees and costs. It is further recommended that Defendants' Motion to Dismiss, or in the alternative, Transfer Venue (filing 8) be deemed moot.

**DATED November 19, 2012.**

              **BY THE COURT:**

              **S/ F.A. Gossett**
              **United States Magistrate Judge**

## NOTICE

A party may object to a magistrate judge's findings and recommendation by filing an "Objection to Magistrate Judge's Findings and Recommendations." Any objection must be filed within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection. The objecting party must comply with all requirements of NECivR 72.2.